IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CORNELL F. COOK**                                                                              **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.3:02cv362-WHB-LRA**

**WASHINGTON MUTUAL FINANCE GROUP, LLC**                                                  **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Washington Mutual Finance Group, LLC, for Summary Judgment. The Court has considered the Motion, Response, Rebuttal, attachments to each, as well as supporting and opposing authorities and finds that the Motion is well taken and should be granted.

### I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 14, 2002, eleven plaintiffs filed a lawsuit in the Circuit Court of Holmes County, Mississippi, against Defendant Washington Mutual Finance Group, LLC ("Washington Mutual") and several of its employees. The case was removed to this Court on April 15, 2002, on the bases of diversity of citizenship jurisdiction/fraudulent joinder and bankruptcy jurisdiction. Plaintiffs' Motion to Remand was denied on October 7, 2002. Since this case was commenced, all of the plaintiffs with the exception of Cornell F. Cook ("Cook") have either been dismissed or have had their claims resolved through a class action lawsuit styled <u>Baker v. Washington Mutual Finance Group, LLC</u>, Civil Action No. 1:04cv137.

Cook elected to opt out of the settlement that was negotiated in the class action lawsuit.

As regards Cook's claims, the record shows that he entered his most recent loan transaction with Washington Mutual on or about June 4, 1991. Cook claims that when he entered the subject loan agreements, Washington Mutual (1) failed to properly disclose the charges and terms of his loans and (2) required that he purchase various types of insurance as a prerequisite for loan approval and/or failed to disclose the terms of the insurance. Based on these claims, Cook alleges the following causes of action against Washington Mutual: breach of fiduciary duties, breach of the implied covenants of good faith and fair dealing, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, civil conspiracy, negligence, unconscionability, and unjust enrichment. Washington Mutual now moves for summary judgment on Cook's claims arguing that they are either barred by the applicable statute of limitation or fail on their merits.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim. Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

3

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  LEGAL ANALYSIS

Washington Mutual first argues that summary judgment is warranted in this case because Cook's claims are barred by the applicable three-year statute of limitations. <u>See</u> MISS. CODE ANN. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Under Mississippi law, Cook's claims accrued, and the statute of limitations began to run, on the dates on which his loan agreements were executed. <u>See</u> <u>Andrus v. Ellis</u>, 887 So. 2d 175, 180 (Miss. 2004) (finding, in a case, like the one *sub judice*, in which the plaintiffs received copies of their loan agreements that disclosed both the terms of the loan and the insurance they purchased, their claims "accrued at the

4

time the loan agreements were executed."); <u>Stephens v. Equitable Life Assurance Soc'y of the U.S.</u>, 850 So. 2d 78, 83 (Miss. 2003) (finding that plaintiffs' claims arising from the purchase of an insurance policy accrued on the date the policy was purchased).

Under Mississippi law, Cook's claims accrued on or about June 4, 1991, the date on which his most recent loan agreement was entered. The statute of limitations on any claim arising from that transaction expired on June 1, 1994. As the subject lawsuit was not filed until March 14, 2002, the Court finds that Cook's claims are clearly time-barred.

Cook, however, argues that the applicable statute of limitation was tolled under the doctrine of fraudulent concealment. This doctrine, which is codified at Mississippi Code Annotated Section 15-1-67, provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

To establish fraudulent concealment for the purpose of tolling the applicable statute of limitations, Cook must prove (1) that there was "some subsequent affirmative act by the defendant which was designed to prevent and which did prevent discovery of the claim" and (2) that despite his due diligence, he was unable to discover

5

the claim.  <u>Andrus</u>, 887 So. 2d at 181 (<u>quoting/citing</u> <u>Stephens</u>, 850 So. 2d at 83-84).

In the case *sub judice*, Cook has not presented any evidence of subsequent affirmative actions on the part of Washington Mutual with regard to the subject loan agreements that would have prevented him from discovering the claims he alleges in this case.  Additionally, Cook has failed to present any evidence to show that he exercised due diligence to discover his claims.  The most recent loan agreement clearly and unequivocally sets forth the terms and conditions of the loan, the finance charges, the interest rate, the type of collateral securing the loan, and all disclosures regarding insurance coverage (including the amount thereof).  <u>See</u> Mot. for Summary Judgment, Ex. A.  Under Mississippi law, a party to a contract is bound by the contents of the contract, even if the aggrieved party failed to read its provisions.  <u>See</u> <u>Stephens</u>, 850 So. 2d at 82-83 (citations omitted).  The Court finds that had Cook simply read the loan agreement and related documents he received at the time they were executed, he would have been aware of the terms of the loans, the collateral securing the loans, and the type and amount of insurance for which he applied.  Accordingly, the Court finds that Cook did not exercise due diligence in discovering the claims he alleges in this lawsuit.  As Cook has failed to demonstrate either an affirmative act on the part of Washington Mutual or due diligence on his part, the Court finds that he has

6

failed to establish a genuine issue of material fact regarding whether the statute of limitations on his claims was tolled on the basis of fraudulent concealment. Accordingly, the Court finds that Cook's claims are time-barred under the applicable statute of limitations and, therefore, that Defendant Washington Mutual is entitled to summary judgment in this case.[1]

### IV.  CONCLUSION

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Washington Mutual for Summary Judgment [Docket No. 74] is hereby granted. A Final Judgment will be entered dismissing this case with prejudice.

SO ORDERED this the 2nd of March, 2007.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE

---

[1] As the Court finds that summary judgment should be granted on the basis that Cook's claims are barred by the applicable statute of limitations, it will not consider whether summary judgment is also warranted on the merits in this case.